STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Town of Fairfax | } | Docket No. 45-3-03 Vtec |
|  | } |  |
|  | } |  |

Decision and Order on Appellees= Motion to Dismiss Amended Statement of Questions

Appellees Lawrence Young, Sr., Barbara Young, Steven McDonald and Kathleen McDonald move to dismiss the cross-appeal of Colleen Steen.

In Questions 1 through 4 of her Statement of Questions, Appellant Steen asks whether Appellees= proposed use of Tuttle Street complies with various sections of the Town of Fairfax Zoning Bylaws and Subdivision Regulations. By Stipulation dated April 8, 2004, Appellees relinquished any present or future use of Tuttle Street for any development purpose related to the project on appeal. Questions 1 through 4 of Appellant Steen=s Statement of Questions therefore must be dismissed as moot, as there are no remaining issue relating to this appeal[1] regarding the use of Tuttle Street. Like every

---

[1] If any property issues remain between these or other parties regarding the extent or location of any easement affecting Tuttle Street or Appellant Steen=s property, those issues are not within the jurisdiction of this Court, but instead may be raised in Superior Court.

court, this Court is required to limit its work to issues that divide the parties in the particular case before it. The Court is not permitted to render an advisory opinion on issues that have been resolved in a particular case, even if they remain of interest to the parties.

Appellant Steen=s remaining Questions 5 and 6 relate to whether Appellees complied with the application submission requirements in "601(3) and 601(10) of the Town of Fairfax Subdivision Regulations. With respect to '601(3), Appellant Steen argues that the measurement of Appellees= right-of-way over Tuttle Street is not shown in feet. However, Appellees have submitted the 2003 survey of their proposed subdivision with the right-of-way shown as fifty feet, in accordance with the requirements of '601(3).

With respect to '601(10), requiring a construction sequence or a time schedule for completion of development, during the course of this appeal Appellees amended their statement in Note 3 of Site Plan S-1, regarding the duration of construction of the proposed subdivision. By letter dated June 27, 2005, Appellees amended Note 3 to read, AConstruction of all infrastructure shall commence 30 days after all final, unappealed state and local permits have been issued. Completion of all infrastructure within 3 years thereafter.@ This statement of construction duration is sufficient to satisfy '601(10) of the Subdivision Regulations. Therefore, Appellant Steen=s Questions 5 and 6 must also be dismissed as moot.

Accordingly, based on the foregoing, it is ordered and adjudged that Appellees= Motion to Dismiss Questions 1 through 6 of Appellant Steen=s Statement of Questions as moot or as asking for an advisory opinion, and hence to dismiss her cross-appeal, is GRANTED.

The remainder of Docket No. 45-3-03 Vtec has already been concluded by earlier written decisions. The remaining parties shall prepare a judgment order, approved as to form, on or before August 25, 2005.

Done at Berlin, Vermont, this 9th day of August, 2005

_____

Merideth Wright
Environmental Judge